**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Joe Vasquez, III,<br><br>    Defendant | Case No.: 2:24-cr-00065-JAD-MDC-1<br><br>**Order Granting Motions for Early Termination of Supervised Release, Leave to File Under Seal, and Appointment of Counsel**<br><br>[ECF Nos. 6, 7, 9] |

Joe Vasquez, III, is about a year and a half into a three-year term of supervised release after pleading guilty to providing a false statement during the purchase of a firearm.[1] He now moves to end his supervision early, contending that he has complied with all relevant conditions and meets the statutory criteria for termination.[2] The government does not oppose his request.[3] Because Vasquez has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his financial affidavit under seal. And I grant his motion for early termination of supervised release because he meets the qualifying criteria.

**I.    Vasquez is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[4] Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a

---

[1] ECF No. 1-1.
[2] ECF No. 9.
[3] ECF No. 10.
[4] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

person's eligibility should be resolved in favor of eligibility."[5]  Vasquez's financial affidavit confirms his inability to afford an attorney and his need for one to be appointed to him, so I grant his request to appoint counsel.

## II. Vasquez's financial affidavit will remain sealed.

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[6]  "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[7]  But "access to judicial records is not absolute."[8]  Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[9]  Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Vasquez filed here because they are administrative, not judicial, in nature.[10]  I find that reasoning persuasive and adopt it here.  So, because Vasquez's affidavit is an administrative

---

[5] The Plan for Administration of the CJA of 1964 at 7–8.

[6] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).

[7] *Id.* (cleaned up).

[8] *Id.*

[9] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[10] *See In re Boston Herald, Inc.*, 321 F.3d 174, 181 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246, 1254–55 (10th Cir. 1998); *see also United States v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).

document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

### III. Vasquez is entitled to early termination of his supervised release.

A district court may, "[a]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), . . . terminate a term of supervised release" following the expiration of the first year of supervised release if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[11] Those § 3553(a) factors are the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.[12] But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its consideration.[13] District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[14] According to the Ninth Circuit, "a district court enjoys discretion to consider a wide range of circumstances" in making an early termination decision.[15]

Vasquez meets the statutory criteria for early termination of supervision, and his history and personal characteristics weigh in favor of it. He has not had disciplinary issues since commencing supervision and has completed substance abuse treatment.[16] The record also

---

[11] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quotation omitted).

[12] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[13] *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (unpublished).

[14] *Emmett*, 749 F.3d at 819 (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

[15] *Id.*

[16] ECF No. 9 at 3.

reflects that he has made significant efforts to rehabilitate himself. He has become involved in the Celebrate Recovery program and supports others in their recovery from substance abuse.[17] He is also employed by the Local 1977 Carpenter's Union and has received his OSHA 10 and forklift-operator certifications.[18] Vasquez has a close relationship with his family and spends his free time giving back to his community.[19] The government, having conferred with the United States Probation Office, does not oppose Vasquez's request.[20] Because I am satisfied that Vasquez's conduct warrants the early termination of his supervised release based on the 18 U.S.C. § 3553(a) factors and that such relief is in the interest of justice, I grant his motion and order that his supervision be terminated.

**Conclusion**

IT IS THEREFORE ORDERED that Vasquez's motion for early termination of supervised release **[ECF No. 9] is GRANTED**. Vasquez's supervision is **TERMINATED**.

IT IS FURTHER ORDERED that Vasquez's motion for appointment of counsel **[ECF No. 6] is GRANTED** *nunc pro tunc* **to March 18, 2025**, and his motion for leave to file his affidavit under seal **[ECF No. 7] is also GRANTED**. The Clerk of Court is directed to **MAINTAIN THE SEAL on docket entry ECF No. 8**.

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2025

---

[17] *Id.*

[18] *Id.* at 3–4.

[19] *Id.* at 4.

[20] ECF No. 10.